■ CALVIN W. ALLEN, Respondent, v. ALLSTATE INSURANCE COMPANY, Appellant.— Determination of Appellate Term reversed on the law and the facts, with costs to appellant, and the judgment of Municipal Court (now Civil Court) reinstated. Plaintiff obtained a judgment in a negligence action against one Cadigan, who was insured by defendant. The judgment being unsatisfied, plaintiff brought this action pursuant to section 167 of the Insurance Law. The defense was that timely notice was not given to defendant. It was established that Cadigan, the insured, gave no notice at all. The issue in the case was whether the plaintiff gave timely notice in accord with section 167 (subd. 1, par. [d]) of said law. The Trial Judge, in a memorandum attached to the judgment, reviewed the steps taken by the plaintiff as to which there was no dispute and reached the conclusion that notice was not given within the time prescribed by the policy, and was not given as soon thereafter as was reasonably possible. We are in accord with the conclusions therein stated. Concur — Botein, P. J., Breitel, McNally and Steuer, JJ.; Valente, J., dissents in the following memorandum: I dissent and would affirm the determination of the Appellate Term. I would hold that the conclusion reached by the Appellate Term, for the reasons given in the opinion of that court, was essentially correct on the record before us. But certainly there should be no dismissal of the complaint. At most, a new trial should be ordered so that many areas of unexplained circumstances can properly be explored. For example, neither plaintiff nor his fellow police officer — who was in the auto at the time of the collision — was called to the stand to testify as to what was asked of Cadigan at the scene of the accident. Evidently, Cadigan was given a summons by the fellow officer for a traffic violation. The record contains no evidence as to the disposition of that summons. Moreover, our ordinary experience teaches us that the giving of a summons for a traffic violation in the circumstances of this case would not likely be conducted in an atmosphere of decorous silence. A new trial might evoke disclosure of pertinent conversations among the persons involved in the accident which may well have included some reference to the matter of insurance. So, too, it is strange that there is no testimony or evidence on what the City of New York did about the property damage to the police car and defendant's knowledge of, and relationship to, such a claim. That area of inquiry may well have produced material evidence. Again, although the record points to the existence of a claim by plaintiff's fellow officer arising from the same accident and knowledge thereof on the part of the defendant, there was no showing by either side of what happened to that claim as some indication of notice to defendant. Finally, the record is not at all satisfactory as to the efforts the insurance company made to locate Cadigan or even as to his availability for the instant trial. The testimony of defendants' adjustor, Sanowski, as to the contents of the files of the insurance company, was of the scantiest and most unsatisfactory type. A new trial could develop more in that sphere of inquiry. The onus for the noted glaring omissions in the proof must be laid on defendant. Hence, I would affirm the determination of the Appellate Term or, at most, give defendant another opportunity upon a new trial to make a satisfactory record if it is to avoid liability.